Matter of M.M. (Chelsea B.) (2025 NY Slip Op 05887)

Matter of M.M. (Chelsea B.)

2025 NY Slip Op 05887

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Renwick, P.J., Kennedy, Mendez, O'Neill Levy, Chan, JJ. 

Docket No. NN-01571/25|Appeal No. 5037|Case No. 2025-01784|

[*1]In the Matter of M.M., A Child Under Eighteen Years of Age, etc., Chelsea B. Respondent-Respondent, Administration for Children's Services, Petitioner-Appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Amanda Abata of counsel), for appellant.
Neighborhood Defender Service of Harlem, New York (Michael Weinstein of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Daniel Abdul-Malik of counsel),
attorney for the child.

Order, Family Court, New York County (Yael Wilkofsky, J.), entered on or about March 27, 2025, which, after a hearing, granted respondent mother's application pursuant to Family Court Act § 1028 and directed that the subject child be released to her custody, with certain conditions, during the pendency of the neglect proceedings, unanimously reversed, on the law and the facts, without costs, the application denied, and the matter remanded to the Family Court for further proceedings consistent with this decision.
Family Court's finding that the child should be returned to the mother lacked a sound and substantial basis in the record (see Family Ct Act § 1028[a]; Matter of Tatih E. [Keisha T.], 168 AD3d 935 [2d Dept 2019]). Although the court properly determined, based on the evidence of the child's physical injuries and her statements, that the mother was the person who inflicted the injuries, it was an improvident exercise of discretion to determine that the risk of harm could be mitigated by the conditions it imposed on the mother in the order under review (see Matter of E.E. [Dania R.], 225 AD3d 457, 457 [1st Dept 2024]).
The court improvidently minimized both the nature and extent of the risk to the child and overstated the potential impact of its order on the child's safety. Nothing in the mother's testimony indicated that she understood the emotional harm she caused the child or expressed any genuine remorse over her actions. Initially, she tried to attribute the child's injuries to an unrelated incident that took place several months earlier. She then claimed to be unaware of how the injuries occurred and ultimately opted to "plead the fifth." Taken as a whole, the mother's testimony reflects a lack of insight into how her conduct led to the child's removal from her care. This lack of understanding further undercuts Family Court's conclusion that services would be sufficient to mitigate the risk of harm posed to the child while in the mother's care, and its belief that the mother would comply with the service plan. Although the mother took steps to enroll in services, the mere enrollment is insufficient to overcome the substantial evidence indicating that returning the child to her care would pose a risk to the child's health and safety.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025